# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District: Southern District of New York |
|---|---|
| Name (under which you were convicted): Archie Cosey | Docket or Case No.: 8131/97 |
| Place of Confinement : Woodbourne Correctional Facility, 99 Prison Road, P.O. Box 1000, Woodbourne, NY 12788 | Prisoner No.: 98-A-6974 |
| Petitioner (include the name under which you were convicted) Archie Cosey v. | Respondent (authorized person having custody of petitioner) Lynn Lilley, Superintendent of Woodbourne Correctional Facility |
| The Attorney General of the State of New York | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
Supreme Court of the State of New York, New York County

(b) Criminal docket or case number (if you know): Ind. No. 8131/97

2. (a) Date of the judgment of conviction (if you know): 10/15/1998

(b) Date of sentencing: 11/10/1998

3. Length of sentence: Concurrent sentences of 25 years to life

4. In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:
Conspiracy in the first degree; murder in the second degree

6. (a) What was your plea? (Check one)

☐ (1) Not guilty ☐ (3) Nolo contendere (no contest)
☑ (2) Guilty ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

❒ Jury ❒ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes ❒ No

8. Did you appeal from the judgment of conviction?

☑ Yes ❒ No

9. If you did appeal, answer the following:

(a) Name of court: Supreme Court of the State of New York, Appellate Division, First Department

(b) Docket or case number (if you know): 4743-1999

(c) Result: Denied

(d) Date of result (if you know): 9/27/2001

(e) Citation to the case (if you know): 730 N.Y.S.2d 434 (App. Div. 1st Dep't 2001)

(f) Grounds raised:
Involuntary guilty plea, ineffective assistance of counsel, and actual innocence.

(g) Did you seek further review by a higher state court? ☑ Yes ❒ No

If yes, answer the following:

(1) Name of court: New York Court of Appeals

(2) Docket or case number (if you know):

(3) Result:
Leave to Appeal Denied

(4) Date of result (if you know): 11/8/2001

(5) Citation to the case (if you know): 97 N.Y.2d 655 (2001)

(6) Grounds raised:
Same as in Appellate Division

(h) Did you file a petition for certiorari in the United States Supreme Court? ❒ Yes ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☑ Yes ❒ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: New York Supreme Court, New York County

(2) Docket or case number (if you know): 8131/97

(3) Date of filing (if you know): 10/20/2011

(4) Nature of the proceeding: CPL 440.10

(5) Grounds raised:
Actual Innocence, Brady and Due Process Violations, and Ineffective Assistance of Counsel

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes ❒ No

(7) Result: Application denied

(8) Date of result (if you know): 1/20/2017

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒ Yes ❒ No

(7) Result: Denied as to my application, co-defendants' murder conviction vacated

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒ Yes ❒ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☑ Yes ❒ No

(2) Second petition: ❒ Yes ❒ No

(3) Third petition: ❒ Yes ❒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

The first petition was filed in federal court.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**
Brady and Due Process Violations under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Please see addendum for a full recitation of the facts supporting petitioner's claim. Briefly, petitioner has shown, through documentary and testimonial evidence, that prosecutors withheld perjurious grand jury testimony that was favorable to petitioner, that the prosecutors engaged in ex parte communications with the judge in petitioner's criminal matter about the perjurious grand jury testimony, but did not share this information with petitioner's counsel, and a favorable witness told petitioner's trial attorney that he was led to believe that he would lose his plea agreement if he testified on petitioner's behalf at trial.

(b) If you did not exhaust your state remedies on Ground One, explain why:

Petitioner exhausted his state remedies on Ground One.

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

At the time of petitioner's direct appeal, despite his due diligence, petitioner was unaware of the perjurious grand jury testimony, the ex parte communications between prosecutors and the Court, and the witness intimidation.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: CPL 440.10

Name and location of the court where the motion or petition was filed:

New York County Supreme Court, New York, New York

Docket or case number (if you know): 8131/97

Date of the court's decision: 1/20/2017

Result (attach a copy of the court's opinion or order, if available):

A copy of the Court's opinion is enclosed.

(3) Did you receive a hearing on your motion or petition? ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

New York State Supreme Court, Appellate Division, First Department

Docket or case number (if you know): M-2689

Date of the court's decision: 9/19/2017

Result (attach a copy of the court's opinion or order, if available):

Appeal deined. See attached.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

Requested leave to appeal to the New York Court of Appeals, The request was denied. See attached.

**GROUND TWO:**

Ineffective Assistance of Counsel, Under the Sixth and Fourteenth Amendments of the United States Constitution

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Please see addendum for a full recitation of the facts supporting petitioner's claim. Petitioner argues that he his counsel was ineffective for: (1) failing to develop a defense and consult with exports regarding the trajectory of the bullet that killed James Williams; (2) for failing to argue petitioner was deprived of favorable testimony of David Bobbitt; and (3) for failing to pursue petitioner's efforts to withdraw his guilty plea.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: CPL 440.10

Name and location of the court where the motion or petition was filed:

New York County Supreme Court, New York, New York

Docket or case number (if you know): 8131/97

Date of the court's decision: 1/20/2017

Result (attach a copy of the court's opinion or order, if available):
See attached.

(3) Did you receive a hearing on your motion or petition? ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
New York State Supreme Court, Appellate Division, First Department; New York, New York

Docket or case number (if you know): M-2689

Date of the court's decision: 9/19/2017

Result (attach a copy of the court's opinion or order, if available):
Denied. See attached.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you : have used to exhaust your state remedies on Ground Two
Requested leave to appeal to the New York Court of Appeals, The request was denied. See attached.

**GROUND THREE:**
Actual Innocence

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Please see addendum for a full recitation of the facts supporting petitioner's claim. Briefly, petitioner has sworn under oath that he was not present when the murder that he pleaded guilty to occurred. He has identified several witnesses to support his actual innocence claim, several of whom testified at petitioner's CPL 440.10 hearing. Petitioner previously identified alibi witnesses who claimed, under oath, that they were sitting with petitioner when the murder of James Williams occurred. Petitioner has identified other individuals who testified under oath that they saw petitioner running toward the area when Williams was shot after the shooting took place. Several of the witnesses petitioner presented at his 440.10 hearing were not known to petitioner when he entered his guilty plea, despite his due diligence.

(b) If you did not exhaust your state remedies on Ground Three, explain why?
Petitioner exhausted his state law remedies on Ground Two.

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: CPL 440.10

Name and location of the court where the motion or petition was filed:
New York State Supreme Court, New York, New York

Docket or case number (if you know): 8131/97

Date of the court's decision: 1/20/2017

Result (attach a copy of the court's opinion or order, if available):
Denied. See attached.

(3) Did you receive a hearing on your motion or petition? ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
New York State Supreme Court, Appellate Division, First Department; New York, New York

Docket or case number (if you know): M-2689

Date of the court's decision: 9/19/2017

Result (attach a copy of the court's opinion or order, if available):
Denied. See attached.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

Requested leave to appeal to the New York Court of Appeals, The request was denied. See attached.

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❐ Yes ❐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❐ Yes ❐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❐ Yes ❐ No

(4) Did you appeal from the denial of your motion or petition? ❐ Yes ❐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❐ Yes ❐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☑ Yes ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☑ Yes ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

Southern District of New York; New York, New York; 02 Civ. 6251 (SAS). Petitioner filed a habeas corpus petition, challenging his state court conviction based on an involuntary plea, ineffective assistance of counsel, and actual innocence. The Court denied petitioner's habeas corpus petition on April 8, 2003. A copy of the Court's opinion and order is attached.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:
D. Andrew Marshall, address unknown

(b) At arraignment and plea:
D. Andrew Marshall, address unknown

(c) At trial:
N/A

(d) At sentencing:
D. Andrew Marshall, address unknown

(e) On appeal:
Pro se

(f) In any post-conviction proceeding:
Myron Beldock and Keith Szczepanski, Beldock Levine and Hoffman LLP, 99 Park Avenue, PH/26th Floor, New York, New York 10016

(g) On appeal from any ruling against you in a post-conviction proceeding:
Keith Szczepanski, Beldock Levine and Hoffman LLP, 99 Park Avenue, PH/26th Floor, New York, New York 10016

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Tab to continue "TIMELINESS OF PETITION" on next page.

Petitioner has filed this petition within one year of the New York Court of Appeals denial his appeal of CPL 440.10 application.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:
That the State of New York be ordered to retry Petitioner or else that Respondent be ordered to release Petitioner from custody.

or any other relief to which petitioner may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on __________ (month, date, year).

Executed (signed) on 11/24/18 (date).

KEITH MICHAEL SZCZEPANSKI
Notary Public, State of New York
No. 02SZ6325315
Qualified in Kings County
Commission Expires May 26, 2019

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.