USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-13-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARCHIE COSEY,

                  Petitioner,

- against -

LYNN LILLEY, Superintendent of
Woodbourne Correctional Facility,

                  Respondent.

18 Civ. 11260 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The respondent has moved to transfer the petitioner's habeas petition, filed pursuant to 28 U.S.C. § 2254, to the Second Circuit Court of Appeals. The respondent argues that this petition is a second or successive petition that requires authorization for filing from the Court of Appeals. See 28 U.S.C. § 2244(b)(3). The respondent therefore moves to transfer this petition to the Court of Appeals pursuant to 28 U.S.C. § 1631 for a determination whether authorization should be given. See Liriano v. United States, 95 F.3d 119 (2d Cir. 1996). The petitioner opposes the transfer and requests that, if the respondent's motion is granted, this Court not stay this habeas proceeding while leave is sought from the Court of Appeals to file a second or successive habeas petition. The respondent's motion is **granted,** and this proceeding is stayed.

I.

On October 15, 1998, the petitioner pleaded guilty in New York Supreme Court, New York County, to one count of conspiracy in the first degree for the sale of narcotics and one count of murder in the second degree. Addendum to Pet. ¶ 15. The petitioner moved that court to withdraw his guilty plea on November 10, 1998, asserting that he was innocent, that he was coerced into pleading guilty, and that his lawyer rendered ineffective assistance in handling his criminal case. Id. ¶ 16; Pet. Ex. 11 at 81-82. On that same day, the court denied the petitioner's motion without holding an evidentiary hearing and sentenced him to twenty-five years to life in prison. Addendum to Pet. ¶ 16. The petitioner's conviction was affirmed by the Appellate Division, First Department. People v. Cosey, 730 N.Y.S.2d 434 (App. Div. 2001) (mem.) (holding that the trial court did not abuse its discretion in denying the petitioner's motion to withdraw his guilty plea), leave to appeal denied, People v. Cosey, 762 N.E.2d 934 (N.Y. 2001).

The petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 6, 2002, in the Southern District of New York. Addendum to Pet. ¶ 19. The petitioner claimed that the state trial court abused its discretion by denying his motion to withdraw his guilty plea without holding an evidentiary hearing. Id. This petition was denied for failure

2

to raise a constitutional claim. Cosey v. Walsh, No. 02cv6251, 2003 WL 1824640, at *2 (S.D.N.Y. Apr. 8, 2003). The court also stated that "even if [the] petition is construed as asserting a constitutional [due process] violation, it must nonetheless be denied," and examined the merits of the petition. See id. at *2-3. The court denied the petitioner a certificate of appealability. Id. at *3.

In October 2011, the petitioner filed a motion in New York Supreme Court, New York County, to vacate his 1998 conviction under New York Criminal Procedure Law ("CPL") § 440.10. Addendum to Pet. ¶ 20. He raised claims of actual innocence, Brady and due process violations, and ineffective assistance of counsel. Id. After conducting a hearing on the petitioner's motion, and that of two co-defendants who had proceeded to trial, the state trial court denied the motion in its entirety but granted in part the petitions of the petitioner's two co-defendants. Id. ¶¶ 21-23; People v. Cosey, 52 N.Y.S.3d 247 (Sup. Ct. 2016). The petitioner applied for leave to appeal this decision and the Appellate Division, First Department, denied the petitioner's application. Pet. Ex. 15. The petitioner then applied for leave to appeal to the New York State Court of Appeals and his application was also denied. Id. Ex. 16.

The petitioner has now filed a 28 U.S.C. § 2254 petition in this Court in which he challenges the state trial court's denial of his CPL § 440.10 motion on grounds of actual innocence, Brady and due process violations, and ineffective assistance of counsel. Pet. at 3. The respondent has moved to transfer this petition to the Second Circuit Court of Appeals as an unauthorized second or successive habeas petition because it challenges the same judgment of conviction that the petitioner collaterally attacked in the § 2254 petition he filed on August 6, 2002. The petitioner contends that the current petition is not a second or successive petition because (1) the current petition challenges the state court's CPL § 440.10 decision rather than his judgment of conviction, (2) the § 2254 petition he filed in 2002 failed to raise a constitutional violation and therefore was not adjudicated on the merits, and (3) the current petition raises federal claims not raised in the prior petition. The petitioner requests that, if the respondent's motion is granted, this Court nonetheless not stay this habeas proceeding and continue to decide matters related to his petition.

## II.

A habeas petition is considered second or successive if, "in a broad sense," it attacks the same judgment as a prior habeas petition. Vasquez v. Parrott, 318 F.3d 387, 390 (2d Cir. 2003). In this case, the petitioner challenges the same judgment

4

that he collaterally attacked in the § 2254 petition he filed in 2002. See Pet. at 2. That the petitioner does so by challenging the state-court decision denying his CPL § 440.10 motion, rather than challenging the 1998 judgment of conviction itself, is of no moment. The decision denying his CPL § 440.10 motion does not constitute a new "judgment" for habeas purposes; the relevant judgment – and the one which the petitioner actually attacks and seeks to vacate – is the 1998 judgment of conviction that sentences him to a term of twenty-five years to life imprisonment. See Burton v. Stewart, 549 U.S. 147, 156 (2007) ("Final judgment in a criminal case means sentence. The sentence is the judgment." (quoting Berman v. United States, 302 U.S. 211, 212 (1937)); accord CPL § 1.20(15) ("A judgment is comprised of a conviction and the sentence imposed thereon and is completed by imposition and entry of the sentence."); cf. Fuentes v. Griffin, No. 18cv0238, 2018 WL 1175221, at *3 (N.D.N.Y. Mar. 5, 2018) (holding that the state-court decision denying the petitioner's CPL § 440.20 motion did not result in a new judgment).

Although the petitioner's 2002 petition failed to raise a cognizable claim for habeas relief, the district court's decision denying the petition is nonetheless an adjudication on the merits for purposes of determining whether the current petition is successive. See Graham v. Costello, 299 F.3d 129,

5

133 (2d Cir. 2002) ("[O]ur distinction between petitions that are denied 'on the merits' and those that are not does not depend on whether the federal court actually determined the merits of the underlying claims but rather on whether the prior denial of the petition conclusively determined that the claims presented could not establish a ground for federal habeas relief."); Doucet v. Warden, Franklin Par. Det. Ctr., No. 12cv0892, 2012 WL 5400035, at *2 (W.D. La. Oct. 15, 2012), report and recommendation adopted, No. 12cv0892, 2012 WL 5400083 (W.D. La. Nov. 5, 2012). And in any event, in denying the petitioner's 2002 petition, the district court construed the petition to make the strongest possible due process claim and found that the claim failed under 28 U.S.C. § 2254(d).

Finally, the mere fact that the petitioner brings claims in this petition that were not raised in his 2002 petition does not preclude this petition from being second or successive. "[A] subsequent petition is 'second or successive' when it raises a claim that was, or could have been, raised in an earlier petition." James v. Walsh, 308 F.3d 162, 167 (2d Cir. 2002). The petitioner does not contend that he could not have raised the claims in this petition in his 2002 petition. Therefore, this petition is a second or successive petition challenging the same judgment as the petitioner's 2002 petition.

Because this Court does not have jurisdiction to consider the merits of a second or successive § 2254 petition, see Torres v. Senkowski, 316 F.3d 147, 151-52 (2d Cir. 2003), the proceedings in this case are stayed; the petitioner's request to the contrary is **denied**.

## CONCLUSION

The Court has considered all the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the respondent's motion to transfer the petitioner's 28 U.S.C. § 2254 petition pursuant to 28 U.S.C. § 1631 to the Second Circuit Court of Appeals for authorization to file a second or successive petition is **granted**. The Clerk is directed to close all pending motions and to transfer this case to the Second Circuit Court of Appeals. The proceedings in this case are stayed while leave is sought from the Second Circuit Court of Appeals to file a second or successive habeas petition.

**SO ORDERED.**

**Dated:** **New York, New York**
**March 13, 2019**

_____
John G. Koeltl
United States District Judge